COURT OF APPEALS
DECISION
DATED AND FILED

July 8, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP2257**

STATE OF WISCONSIN

Cir. Ct. No. 2025ME50

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE MENTAL COMMITMENT OF T.D.D.

OZAUKEE COUNTY DEPARTMENT OF HUMAN SERVICES,

PETITIONER-APPELLANT,

V.

T.D.D.,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Ozaukee County: STEVEN M. CAIN, Judge. *Reversed.*

¶1      LAZAR, J.[1]   Ozaukee County appeals the dismissal of a WIS. STAT. ch. 51 case, which the circuit court dismissed solely because it concluded one of the two required expert reports was not filed at least 48 hours before the final hearing.   Relying upon the court of appeals decision in *Outagamie County v. M.J.B.*, 2025 WI App 37, 417 Wis. 2d 50, 24 N.W.3d 137, Ted[2] asserts that this court should dismiss this appeal as moot, that Saturdays, Sundays, and legal holidays should be excluded from the 48-hour filing deadline pursuant to WIS. STAT. RULE 801.15(1)(b), and that the County failed to meet its burden that any error was harmless.   The County has moved for a three-judge panel to hear this appeal.[3]

¶2      This court, recognizing that the exact issue was presently pending in front of our state supreme court, placed this appeal on hold.   That court has now issued a decision that resolves this matter.   In *Outagamie County v. M.J.B.*, 2026 WI 23, ¶2, ___ Wis. 2d ___, ___ N.W.3d ___, the court reversed the court of appeals and held that

> because the deadline for counsel's access to the examiners' reports is not central to [WIS. STAT. ch.] 51's statutory scheme, the violation of the statute did not deprive the circuit court of competency to proceed and is appropriately reviewed for harmless error.

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  This court refers to the subject individual by a pseudonym consistent with WIS. STAT. RULE 809.19(1)(g), to protect his confidentiality.

[3]  Because the state supreme court has definitively resolved the issue underlying this appeal, the motion for a three-judge panel review is denied.  This court also denies the Motion for Certification to the Supreme Court as moot.

¶3 Based upon that opinion, the decision of the circuit court in this appeal was made in error. This court, therefore, reverses that decision and concludes that the slightly late-filed expert report did not deprive the circuit court of competency to hold the final commitment hearing.[4] "A failure to strictly comply with the 48-hour requirement does not defeat Chapter 51's broader purposes of ensuring that the full range of mental health treatment is available to state residents and that no person is institutionalized who can be adequately treated outside of an institutional setting." *Id.*, ¶22.

¶4 Finally, this court notes that the petition for commitment has, due to the time that has long since passed, expired in August 2025. Accordingly, the matter is not remanded to the circuit court.

## BACKGROUND

¶5 The underlying facts in this case are brief. The County filed a statement of emergency detention for Ted on August 5, 2025.[5] At the hearing on August 7, 2025, the court commissioner found probable cause,[6] and a final hearing

---

[4] Because the circuit court did not hold the final hearing, this court need not address whether it was harmless error to proceed when Ted's attorney did not have a full 48 hours to review the final expert report.

[5] Pursuant to the Statement of Emergency Detention, Ted had "been jumping up and down to the extent of going through the floor, repeatedly hitting himself leaving visible bruises, and hitting his head against the windows in his residence."

[6] Some of the orders (especially oral rulings), as well as the time hearings began and documents were e-filed, are contained in the Circuit Court Record (with minute entries) that was filed, on October 9, 2025, by the Ozaukee County Clerk of Court attached to the Transmittal of Notice of Appeal. At the probable cause hearing, the court commissioner found "that the conditions for probable cause have been met. The subject [Ted] is mentally ill, a proper subject for treatment, and is dangerous to self or others."

was set for August 18, 2025. The following day, the commissioner appointed examiners to evaluate Ted.

¶6      That Order Appointing Examiner(s) was on a Wisconsin State Court Form. It appointed psychologist Dr. Joan Kojis and physician Dr. Charles Rainey. It further ordered that they were "appointed to examine [Ted] and prepare a written report on the condition of [Ted.]"

¶7      Dr. Kojis's expert report was e-filed on August 11, 2025. Dr. Rainey's expert report was e-filed at 2:14 p.m. on Friday, August 15, 2025.

¶8      At the final hearing, which began at 3:39 p.m. on Monday August 18, 2025, following argument only, the circuit court found it had no competency and dismissed the case:

> This attorney whose client's substantial rights are at issue needs time to prepare. I think this is a clear violation today of [the court of appeals decision in *Outagamie County v. M.J.B.*] when we consider the time counting statute in [WIS. STAT. RULE] 801.
>
>     And the Court of Appeals was crystal clear. These are substantial rights that are affected by a late filing. The deadline is not merely a technical requirement. It's central to the statutory scheme of [WIS. STAT. ch.] 51. And they're speaking broadly. And if there's no competency to proceed the matter necessarily needs to dismiss. And I know this case may be, you know, nuanced as to *M.J.B.* But I think this matter cannot go forward due to the late filing of the report. So the Court has to dismiss for lack of competency at this point.

¶9      The circuit court entered an order of dismissal "[f]or reasons stated on the record as to timeliness of examiner's report" on August 19, 2025.

¶10      The County timely appealed.

4

## DISCUSSION

¶11     All of the issues in this appeal have been resolved by our state supreme court's decision in ***M.J.B.***, 2026 WI 23.  The only remaining question is whether this matter should be remanded to the circuit court.  Here, pursuant to WIS. STAT. § 51.20(7)(c), the final hearing had to have been held within 14 days of the detention of the subject individual.  "[F]ailing to hold a final commitment hearing within 14 days of detention ... results in a loss of competency over an initial commitment proceeding."  ***Walworth County v. M.R.M.***, 2023 WI 59, ¶18, 408 Wis. 2d 316, 992 N.W.2d 809.

¶12     Because the circuit court has already dismissed the petition, and it no longer has competency to conduct a hearing thereunder, it is not appropriate to remand.  *See **id.***, ¶¶26-27 (explaining that reversal without remand is appropriate where the circuit court lacks competency to conduct a final hearing on a recommitment petition because the preceding commitment order has expired); *cf.* ***Dodge County v. Ryan E.M.***, 2002 WI App 71, ¶12, 252 Wis. 2d 490, 642 N.W.2d 592 (remanding for the circuit court to dismiss the underlying petition even though the court had lost competency because it failed to conduct a probable cause hearing within 72 hours).

## CONCLUSION

¶13     The circuit court erred, pursuant to ***M.J.B.***, 2026 WI 23, in concluding that it lacked competency to proceed.  This court, therefore, reverses without remand.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.